E2770 - N51

MARYELLEN O'SHAUGHNESSY
CLERK OF THE FRANKLIN COUNTY COMMON PLEAS COURT, COLUMBUS, OHIO 43215
CIVIL DIVISION

CHARLES F. HARSH
6070 OLENTANGY RIVER ROAD
WORTHINGTON, OH 43085,

PLAINTIFF,
VS.
GEICO GEICO GENERAL INSURANCE
C/O CORPORATION TRUST
SUITE 201
2405 YORK ROAD
LUTHERVILLE TIM, MD 21093,
DEFENDANT.

17CV-08-7184
CASE NUMBER

**** SUMMONS ****      08/09/17

TO THE FOLLOWING NAMED DEFENDANT:
    GEICO GEICO GENERAL INSURANCE
    C/O CORPORATION TRUST
    SUITE 201
    2405 YORK ROAD
    LUTHERVILLE TIM, MD 21093

YOU HAVE BEEN NAMED DEFENDANT IN A COMPLAINT FILED IN FRANKLIN COUNTY
COURT OF COMMON PLEAS, FRANKLIN COUNTY HALL OF JUSTICE, COLUMBUS, OHIO,
BY:    CHARLES F. HARSH
       6070 OLENTANGY RIVER ROAD
       WORTHINGTON, OH 43085,

                                                              PLAINTIFF(S).

A COPY OF THE COMPLAINT IS ATTACHED HERETO. THE NAME AND ADDRESS OF
THE PLAINTIFF'S ATTORNEY IS:
    MARK A. ROPCHOCK
    ATTORNEY AT LAW
    222 SOUTH MAIN STREET
    SUITE 400
    AKRON, OH 44308

YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON THE PLAINTIFF'S
ATTORNEY, OR UPON THE PLAINTIFF, IF HE HAS NO ATTORNEY OF RECORD, A COPY
OF AN ANSWER TO THE COMPLAINT WITHIN TWENTY-EIGHT DAYS AFTER THE SERVICE
OF THIS SUMMONS ON YOU, EXCLUSIVE OF THE DAY OF SERVICE. YOUR ANSWER
MUST BE FILED WITH THE COURT WITHIN THREE DAYS AFTER THE SERVICE OF A
COPY OF THE ANSWER ON THE PLAINTIFF'S ATTORNEY.

IF YOU FAIL TO APPEAR AND DEFEND, JUDGMENT BY DEFAULT WILL BE RENDERED
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

MARYELLEN O'SHAUGHNESSY
CLERK OF THE COMMON PLEAS
FRANKLIN COUNTY, OHIO

BY: MARIA J. BELAK, DEPUTY CLERK

(CIV370-S03)

EXHIBIT 1

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
0D753 - T8
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 2 of 13 PAGEID #: 19

IN THE COURT OF COMMON PLEAS
FRANKLIN COUNTY, OHIO

| | |
|---|---|
| CHARLES F. HARSH <br> 6070 Olentangy River Rd. <br> Worthington, Ohio 43085 <br><br>      Plaintiff <br><br> vs. <br><br> GEICO GENERAL INSURANCE COMPANY <br> C/O The Corporation Trust, Incorporated <br> 2405 York Road, Suite 201 <br> Lutherville-Timonium, MD 21093-2264 <br><br>      Defendant | CASE NO: <br><br> JUDGE <br><br><br> <u>COMPLAINT FOR BREACH OF CONTRACT AND INSURANCE BAD FAITH</u> <br><br> <u>Jury Demand Endorsed Hereon</u> |

## **VENUE**

1. At all relevant times herein, Plaintiff, Charles F. Harsh ("Harsh") was a resident of Franklin County, Ohio.

2. At all relevant times herein, Defendant, GEICO General Insurance Company ("GEICO") was an insurance company licensed to conduct business in the State of Ohio with its principle place of business in the State of Maryland.

3. At all relevant times herein, GEICO conducted business in Ohio and Franklin County in particular, when it sold Harsh a policy of automobile insurance for a vehicle registered and housed in Franklin County. Thus, the place of contracting and the vehicle insured under the GEICO policy were located in Franklin County, Ohio.

## **FACTS**

4. Harsh was insured by an automobile policy of insurance through GEICO, policy no. 4124-04-60-71, with bodily injury liability limits per person/per

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 3 of 13 PAGEID #: 20

occurrence of $500,000.00, for the time period 09/05/2012 through 03/05/2013.

5. On or about November 8, 2012, Harsh, then approximately 80 years of age, was the owner of a 2008 Toyota Tundra pick-up, insured under the above identified GEICO policy.

6. On or about that same date, Harsh also owned, free and clear of liens, numerous residential/commercial rental properties in Columbus, Ohio, in addition to his own personal residence, with a combined value in excess of one million dollars.

7. Approximately 6 weeks prior to November 8, 2012, Harsh hired Marc Kraft ("Kraft"), to perform general maintenance around his rental properties.

8. In general, Harsh would pick up Kraft before work, take him to the rental property where Kraft was to work that day, and then drop Kraft off after work.

9. On one occasion, Harsh loaned Kraft the pick-up truck after work, in order for Kraft to drive home and return back to work the next morning. Kraft did so without event.

10. On November 8, 2012, Harsh loaned Kraft the pick-up truck a second time in order for Kraft to drive home and return to work the next morning. Later that same day, Kraft, through a combination of drinking alcohol in a bar, at home and on the road, became severely intoxicated. Kraft then rear-ended a vehicle at 78 mph. The struck vehicle was driven by Brad Weaver. His partner, Heidi Hecker, ("Weaver/Hecker"), was an unbelted back seat passenger in the vehicle as well as their 10 month old child, Peyton Weaver. Hecker was killed in the accident and Brad and Peyton Weaver were moderately injured.

11. The Weavers, along with Hecker's estate, brought suit against Kraft and Harsh in Delaware County, Ohio, Case No: 13-CVH-020124. As part of GEICO's duty to defend and indemnify Harsh for this accident, GEICO retained the services of Attorney Roger Williams ("Williams") and William's firm, Williams, Moliterno & Scully, LPA ("WMS"). GEICO also retained separate counsel to defend Kraft, once the Court determined that Kraft was a permissive user under Harsh's policy, and was thus also afforded coverage.

12. Williams and WMS represented Harsh through trial, through the 5th District Court of Appeals, and up until the filing of a Jurisdictional Memorandum

0D753 - T10
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 4 of 13 PAGEID #: 21

with the Ohio Supreme Court, when Williams and WMS moved and were granted permission to withdraw as counsel on November 23, 2016.

13. Ultimately, and after an unnecessary and failed Declaratory Judgment action, and a failed Appeal, GEICO tendered its $500,000.00 policy limits *on behalf of Kraft* to Weaver and Hecker. However, because of GEICO's needless and lengthy delay tactics, as outlined below, as well as its failure to seek apportionment and promptly tender its limits, Weaver and Hecker's counsel rejected the tender, and continued to trial against Kraft for negligence and against Harsh for negligence under the theories of negligent entrustment, negligent hiring and negligent retention.

14. On February 17, 2015, the case proceeded to trial. Weaver/Hecker's counsel had a number of witnesses testify, including several experts addressing the negligent entrustment/negligent hiring/retention claims.

15. At trial, Kraft through GEICO retained counsel, admitted negligence. Kraft's counsel presented no witnesses other then Kraft, who testified via videotape from prison, where he was spending an approximately 29 year sentence for the vehicular homicide. GEICO either explicitly or tacitly approved of this strategy.

16. At trial, Williams and WMS also put on no witnesses whatsoever: They did not employ a bio-mechanical expert to testify concerning the enhanced injuries Heidi Hecker suffered due to the fact that she was unbelted in the backseat of the vehicle, while the two belted passengers in the vehicle received extremely minor injuries in the accident; employed no expert regarding the standard of care of a casual residential landlord in hiring and retention practices; did not even call Harsh himself to tell his story on the stand, or any of Harsh's children, who would have been advocates on behalf of their father, and presented essentially no defense whatsoever at trial. GEICO either explicitly or tacitly approved of this strategy.

17. Further, and clearly breaching the appropriate standard of care for a trial attorney in this case, Williams and WMS failed to request any jury instructions or jury interrogatories concerning apportionment of fault, pursuant to R.C. §2307.22 (Joint and Several Tort Liability) and §2307.23 (Determining Percentages of Tortious Conduct Attributed to Party in a Tort Action). GEICO either explicitly or tacitly approved of this strategy.

18. Williams' and WMS' failure to request interrogatories to the jury to apportion fault between Kraft and Harsh, meant that if the jury found Harsh negligent in any way, Harsh would be 100% liable for any verdict that the jury found against Kraft, while Kraft had already admitted liability for

3

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 5 of 13 PAGEID #: 22

vehicular homicide and two additional injury claims. GEICO either explicitly or tacitly approved of this strategy.

19. The jury returned a verdict in favor of Weaver/Hecker in the amount of $2,623,455.00. Additionally, pre and post judgment interest were awarded by the Court.

20. Even after GEICO's policy limits were paid, Harsh still was personally liable for approximately $2,200,000.00, and with interest and costs now exceeds $2,700,000, an amount which substantially exceeds his assets.

21. Weaver/Heckers' counsel has already levied upon Harsh's vehicles, garnished his rental payments and Harsh is losing his properties through foreclosure for tax liens and remains subject to further execution upon the Judgment.

22. Had GEICO instructed Williams and WMS to ask the jury to apportion fault between Kraft and Harsh, the jury would have certainly returned an extremely low percentage of fault to Harsh, which would have been covered by his GEICO policy limits.

23. Additionally, GEICO, Williams and WMS should be estopped from asserting Harsh had significant fault for this accident, since their entire defense strategy- retaining no experts, putting on no witnesses whatsoever to testify at trial, taking no depositions, all the while knowing Kraft admitted liability for a truly horrible fatality- demonstrates they believed Harsh had no serious percentage of fault for Weaver/Hecker's damages.

24. In addition to Williams and WMS' negligence in not asking for an apportionment of fault between the joint tortfeasors at trial (when their entire defense strategy was that Kraft was at fault for this accident and not Harsh), Williams and WMS handled the appeal of the verdict, and breached the relevant standard of care in the appeal. Williams and WMS failed to assert in the appeal, *inter alia,* that it was plain error for the Court to not itself order the jury to apportion fault between the joint tortfeasors, as R.C. §2307.23 (A) states in the imperative:…"the jury in a jury action **shall** return a general verdict accompanied by answers to interrogatories, that shall specify…..the percentage of tortious conduct …attributable …to each party to the tort action from whom the plaintiff seeks recovery...". GEICO either explicitly or tacitly approved of this strategy.

25. Also regarding the Appeal, Williams and WMS only appealed one of the two causes of action which the jury found against Harsh on the General

4

0D753 - T12
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 6 of 13 PAGEID #: 23

Verdict form. Accordingly, the Appellate Court was able to summarily dismiss the appeal based upon the two-issue rule, without ever even reaching the merits of the Appeal. GEICO either explicitly or tacitly approved of this strategy.

26. All of Harsh's retirement income has been tied up by the judgment. Harsh is living on minimal social security benefits, losing his properties to tax liens and not knowing on any given day if he will be evicted from his home. This has placed horrific stress upon him which is also directly and proximately the result of GEICO's actions.

27. All of the forgoing was unnecessary, as the case could have been settled pre-suit within GEICO's policy limits had GEICO understood the Ohio law of apportionment of fault, and tendered its limits pre-suit on behalf of Harsh alone. Instead, GEICO embarked from day one on a plan of delay, without reasonable justification, beginning when GEICO filed a declaratory judgment action, separate and apart from the underlying tort action, instead of intervening in the pending tort action.

28. GEICO deliberately filed its declaratory judgment action separately to take full advantage of Mr. Kraft. GEICO filed admissions against Mr. Kraft, knowing that he was incarcerated and unable to defend the declaratory judgment action and/or respond to it while incarcerated.

29. GEICO filed its declaratory judgment action without conducting a reasonable investigation into the underlying facts regarding the issue of permission. GEICO blatantly ignored Mr. Kraft's statement to the Ohio State Highway Patrol immediately after the subject accident, wherein he stated unequivocally, that he had permission to drive Mr. Harsh's vehicle at the time of the accident. GEICO took a very limited statement of Mr. Harsh before its declaratory judgment action was filed which failed to properly address and test the issue of permission.

30. GEICO never made proper efforts to obtain a statement, even a statement limited to the issue of permission, from Mr. Kraft before filing its declaratory judgment action. GEICO clearly could have made such arrangements with Mr. Kraft's attorney and/or sought court intervention on the issue. GEICO did nothing to investigate the underlying facts.

31. GEICO fought Weaver/Hecker's Motion to Transfer and Consolidate its declaratory judgment action. GEICO forced Plaintiffs to file countless motions to oppose its bad faith pleadings against Mr. Kraft.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
0D753 - T13
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 7 of 13 PAGEID #: 24

32. GEICO failed to produce a witness in response to Weaver/Hecker's Ohio Civ.R.30 (B) (4) (5) deposition. Weaver/Hecker had to file a Motion to Compel and obtain a Court Order to depose the witness.

33. GEICO produced its insurance adjuster for deposition, but its counsel instructed the witness not to answer ninety two questions. GEICO conduct again forced Weaver/Hecker to file a Motion to Compel and a Motion for Sanctions against GEICO.

34. GEICO never made any attempt to depose Mr. Kraft or otherwise seek his testimony on the issue of permission, after its declaratory judgment action was filed. Instead, Weaver/Hecker noticed the deposition of Mr. Kraft.

35. The deposition of Mr. Harsh was taken on October 14, 2013, as noticed by Weaver/Hecker's Counsel. Harsh's testimony was unequivocal, that he had given Kraft permission to use his vehicle, and that permission extended to "running errands."

36. After Mr. Harsh's deposition was taken, GEICO failed to dismiss its declaratory judgment action or offer its policy limits when the testimony clearly established that Mr. Kraft had permission to use Harsh's truck.

37. The deposition of Mr. Kraft was taken on October 23, 2013. His testimony also unequivocally demonstrated Kraft had permission to use the Harsh vehicle without restriction.

38. After Mr. Kraft's deposition was taken, GEICO failed to dismiss its declaratory judgment action or offer it policy limits when the testimony clearly established that Mr. Kraft had permission.

39. GEICO moved for summary judgment on its Complaint for Declaratory Judgment, even after the depositions of Mr. Harsh and Mr. Kraft established permission.

40. GEICO opposed Weaver/Hecker's Motion for Summary Judgment.

41. GEICO Still failed to make a single offer of settlement to Weaver/Hecker.

42. On January 14, 2014, the trial court granted Weaver/Hecker's' Motion for Summary Judgment and denied GEICO's Motion for Summary Judgment. GEICO failed to offer its policy limits to Weaver/Hecker, and instead filed a premature Notice of Appeal, causing further delays and additional time and expenses for Weaver/Hecker to file necessary appellate motions.

6

43. The appeal resulted in affirming Summary Judgment in Weaver/Hecker's favor.

44. As GEICO was selling countless policies of insurance in the State of Ohio, it should have been aware of the Ohio law of apportionment of fault between joint tortfeasors.

45. As set forth above, almost immediately after this accident, GEICO should have been aware it had two insureds - two joint tortfeasors - under its policy, with damages far exceeding policy limits.

46. Accordingly, GEICO should have retained independent counsel, if it did not understand its obligations under Ohio Law, to assert the defense of apportionment of fault on behalf of Harsh and to offer its policy limits of $500,000.00 to Weaver/Hecker's counsel, pre-suit, on behalf of Harsh and Kraft, as Kraft was clearly judgment proof and Harsh stood to lose his life's savings and investments.

47. Had such an offer been made, Weaver/Hecker's counsel would have released Harsh from liability and would not have pursued any claim against Kraft, who was homeless, judgment proof and sentenced to 29 years in prison.

48. Instead, GEICO, without reasonable justification, failed to advance the apportionment issue and failed to timely allocate all policy limits to resolve the claim against Harsh (as was its right to do under the policy). This failure resulted in delaying the resolution of the claim, further angering Weaver/Hecker and their counsel. Then, as a result of GEICO's ill-advised declaratory judgment strategy, GEICO was forced to tender policy limits on behalf of Kraft- not Harsh. This left Harsh, the individual who actually paid the premiums on the policy, essentially uninsured, and in turn led to Harsh being personally, jointly and severally liable for Kraft's negligence.

49. GEICO refused to make full prompt payment on behalf of Harsh as was required under the insurance policy.

50. GEICO's refusal to make full prompt payment on behalf of Harsh was made without a reasonable basis in fact or law.

51. GEICO's refusal to make timely adequate payment to Plaintiffs was made in bad faith and for the purpose of denying the benefits of contract coverage to Harsh.

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
0D753 - T15
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 9 of 13 PAGEID #: 26

52. Defendant GEICO owed Harsh the following duties, among others: (a) a duty to honor the insurance contract for the entire policy duration; (b) a duty to conduct a prompt, reasonable and diligent investigation of the facts of the case to determine the validity of the claims made by Weaver/Hecker's counsel against Harsh; (c) a duty to evaluate the claims made by Weaver/Hecker's counsel fairly; (d) a duty to attempt in good faith to effectuate a prompt, fair and equitable settlement of a claim where liability is reasonably clear; (e) a duty to act promptly and reasonably in settling the claim; (f) a duty not to reject a reasonable and fair offer of settlement; (g) a duty not to put its insured in rough unnecessary litigation; (h) a duty not to put its insured's assets at risk (i) a duty to refrain from actions that would injure Harsh; and (j) a duty of good faith and fair dealing.

53. Upon information and belief, Harsh alleges that Defendant GEICO breached its duties owed to him by, among other things;(a) failing to honor the insurance contract; (b) failing to conduct a prompt reasonable and diligent investigation of the claims made against Harsh; (c) failing to evaluate the claim fairly; (d) failing to tender policy limits on the claims; (e) failing to attempt in good faith to effectuate prompt, fair and equitable settlement of the claim; (f) not making any reasonable settlement offers for the claims; (g) failing to accept reasonable and fair offers of settlement; (h) putting its insured through unnecessary litigation; (i) putting its insured's personal assets at risk; (j) failing to assert apportionment of fault both pre and post suit; and (k) failing to pay any reasonable portion of the insurance coverage to Weaver/Hecker.

54. As a direct and proximate result of GEICO's breaches of its duties that it owed to its insured, Harsh, Harsh has been deprived of the benefits to which he was entitled and for which he bargained in the insurance contract and was forced to incur expenses to obtain the benefits to which he was otherwise entitled and Harsh has otherwise been damaged in amounts to be determined at trial.

55. GEICO's actions herein constitute bad faith insurance practices.

56. Harsh has been required to engage the services of attorneys and accordingly, has incurred attorneys' fees and costs to bring this action.

### First Cause of Action
### (Breach of Contract)

57. Harsh repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

8

0D753 - TI6
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 10 of 13 PAGEID #: 27

58. There is a valid and existing insurance agreement between Harsh and GEICO.

59. Harsh performed or was excused from performance under the agreement.

60. GEICO breached the agreement by *inter alia*, refusing to promptly investigate and compensate Weaver/Hecker, failing to apportion fault between its insureds, failing to promptly tender Harsh's policy limits to the claim against him, and failing to supervise and require Williams and WMS to mount a credible defense on behalf of its insured, Harsh.

61. Harsh sustained damages in excess of the policy limits as a result of GEICO's breach of agreement.

62. Harsh has been required to retain the services of an attorney to commence this action and is entitled to attorney fees and costs.

### Second Case of Action
### (Contractual Breach of the Implied Covenant of Good Faith and Fair Dealing)

63. Harsh repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

64. There is implied in every contract a covenant of good faith and fair dealing.

65. Harsh and GEICO entered into a valid and existing insurance agreement.

66. GEICO owed Harsh a duty of good faith and fair dealing.

67. GEICO breached its duty of good faith and fair dealing by, *inter alia*, refusing to promptly investigate and compensate Weaver/Hecker, failing to apportion fault between its insureds, failing to promptly tender Harsh's policy limits to the claim against him, and failing to supervise and require Williams and WMS to mount a credible defense on behalf of its insured, Harsh.

68. Harsh sustained damages in excess of the policy limits as a result of GEICO's breach of the implied covenant of good faith and fair dealing.

9

0D753 - T17
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 11 of 13 PAGEID #: 28

69. Harsh has been required to retain the services of an attorney to commence this action and is entitled to attorney fees and costs.

### Third Cause of Action
### (Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

70. Harsh repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

71. There is implied in every contract a covenant of good faith and fair dealing.

72. Harsh and GEICO entered into a valid and existing insurance agreement.

73. GEICO owed Harsh a duty of good faith and fair dealing.

74. As an insurer, GEICO owed Harsh a fiduciary-like duty and there was a special element of reliance by Harsh.

75. GEICO breached its implied duty of good faith and fair dealing by, *inter alia*, refusing to promptly investigate and compensate Weaver/Hecker, failing to apportion fault between its insureds, failing to promptly tender Harsh's policy limits to the claim against him, and failing to supervise and require Williams and WMS to mount a credible defense on behalf of its insured, Harsh.

76. Harsh sustained damages in excess of $2,700,000.00, plus attorney fees as a result of GEICO's breach of its duty of good faith and fair dealing.

77. Harsh is further entitled to compensatory and punitive damages as a result of GEICO's breach of the implied covenant of good faith and fair dealing.

### Fourth Cause of Action
### (Bad Faith)

78. Harsh repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

79. The acts and omissions of GEICO as set forth herein and yet to be discovered constitute bad faith.

10

0D753 - T18
Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 12 of 13 PAGEID #: 29

80. Harsh sustained damages in excess of $2,700,000.00, plus attorney fees as a result of GEICO's bad faith.

81. Harsh is further entitled to compensatory and punitive damages as a result of GEICO's Bad Faith.

### Fifth Cause of Action
### (Unfair Trade Practices)

82. Harsh repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as though said paragraphs were fully set forth herein.

83. As set forth above, GEICO has engaged in unfair trade practices including its failure to properly investigate and settle the claim.

84. Harsh sustained damages in excess of $2,700,000.00, plus attorney fees as a result of GEICO's Unfair Trade Practices.

85. Harsh is further entitled to compensatory and punitive damages as a result of GEICO's unfair trade practices.

WHEREFORE, Plaintiff requests judgment against the Defendant in an amount in excess of $25,000.00, plus attorney fees, costs, punitive damages and any additional relief this Court deems appropriate.

Respectfully submitted,

/s/ Mark A. Ropchock
MARK A. ROPCHOCK #0029823
Slater & Zurz, LLP
One Cascade Plaza, Suite 2210
Akron, Ohio 44308
(330) 762-0700 - Office
(330) 762-3923 - Facsimile
Mropchock@slaterzurz.com
Attorney for Plaintiff

11

Franklin County Ohio Clerk of Courts of the Common Pleas- 2017 Aug 09 2:55 PM-17CV007184
0D753 - T19
Case: 2:17-cv-00814-EAS-KAJ Doc #: 2 Filed: 09/15/17 Page: 13 of 13 PAGEID #: 30

## JURY DEMAND

Plaintiff hereby demands a Trial by Jury.

/s/ Mark A. Ropchock
MARK A. ROPCHOCK #0029823
Attorney for Plaintiff