# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CHARLES F. HARSH,**

      Plaintiff,

  v.                                      Civil Action 2:17–cv–814
                                              Chief Judge Edmund A Sargus, Jr.
                                              Magistrate Judge Jolson

**GEICO GENERAL INSURANCE
COMPANY,**

      Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion of Judgment Creditor Brad A. Weaver to Intervene and File a Complaint/Creditor's Bill. (Doc. 9). Defendant GEICO General Insurance Company ("GEICO") opposes the Motion to Intervene (Doc. 11), and Mr. Weaver has filed a Reply Brief (Doc. 12). Plaintiff has filed no opposition to the Motion. For the reasons that follow, it is **RECOMMENDED** that Mr. Weaver's Motion be **DENIED**.

**I.    BACKGROUND**

On November 8, 2012, Plaintiff loaned his pick-up truck to Marc Kraft, an individual who performed maintenance on his rental properties. Mr. Kraft was to use the pick-up truck to drive home and return to work the next day. Tragically, that is not what happened.

Mr. Kraft drove the pick-up truck while intoxicated and crashed into a car occupied by Mr. Weaver, his fiancée, Heidi Hecker, and their 10-month-old daughter, Peyton Weaver. Ms. Hecker died as a result of the crash, and Mr. Weaver and the child suffered injuries.

On February 11, 2013, Mr. Weaver filed a personal injury and wrongful death lawsuit

against Plaintiff and Marc Kraft. *Brad A. Weaver, et al. v. Marc C. Kraft, et al.*, Delaware County Court of Common Pleas Case No. 13 CVH 020124 (the "Delaware County case"). As Plaintiff's insurer, GEICO hired counsel to defend Plaintiff in the Delaware County case. GEICO also hired separate counsel to represent Mr. Kraft after determining that he was a permissive user under Mr. Harsh's policy. A jury rendered a general verdict jointly against Plaintiff and Mr. Kraft and in favor of Mr. Weaver (individually and as a representative of Ms. Hecker's estate and Peyton Weaver) in the amount of $2,683,455.00.

After the exhaustion of appeals, Mr. Weaver attempted to execute the judgment. Plaintiff, however, had insufficient assets. As of mid-December 2017, Plaintiff owed Mr. Weaver a balance in the amount of $2,405,686.03, including post-judgment interest. (*See* Doc. 9-1 at ¶ 4).

In the meantime, Plaintiff, dissatisfied with his defense in the Delaware County case, filed a lawsuit against GEICO in the Franklin County Court of Common Pleas. *Charles F. Harsh v. GEICO General Ins.*, Franklin County Court of Common Pleas Case No. 17 CV 007184. In the action filed in August 2017, Plaintiff alleges breach of contract, contractual and tortious breach of the implied covenant of good faith and fair dealing, bad faith, and unfair trade practices. (Doc. 2). In September 2017, GEICO removed the case to this Court. (Doc. 1).

In December 2017, Mr. Weaver moved to intervene in this case "for purposes of filing a Complaint/Creditor's Bill," which he claims "is necessary to protect [his]…rights" against Plaintiff, the judgment debtor. (Doc. 9 at 1). Mr. Weaver explains that, on October 11, 2017, he filed a Complaint/Creditor's Bill against GEICO and Plaintiff, asserting a right to any settlement proceeds or proceeds from any judgment in the Franklin County Court of Common Pleas. (*Id.* at 3–4); *Brad A. Weaver v. Charles F. Harsh, et al.*, Case No. 17CV009125. However, "[b]efore

[he] moved to consolidate the actions pending in [the] Franklin County, Ohio Court of Common Pleas, … [GEICO] filed a Notice of Removal" to this Court. (*Id*. at 4). Thus, Mr. Weaver seeks to intervene in this case to file his Complaint/Creditor's Bill. Mr. Weaver explains that, if his Motion to Intervene is granted, he "will dismiss the state court action . . . ." (*Id*.).

## II.   STANDARD OF REVIEW

Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure are relevant to the resolution of this Motion. Rule 24(a) provides for intervention as of right if the proposed intervenor:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). In the Sixth Circuit, the following elements must be satisfied to intervene as of right: (1) the motion to intervene must be timely; (2) the proposed intervenor must have a direct and substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervener's interest. *Coal. to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007).

"In determining whether representation is adequate, the Sixth Circuit looks to several factors:  (1) whether there is collusion between the representative and the opposing party; (2) whether the representative fails in the fulfillment of its duty; and (3) whether the representative has an interest adverse to the proposed intervenor." *Ohio v. United States Envtl. Prot. Agency*, 313 F.R.D. 65, 68–69 (S.D. Ohio 2016) (Sargus, C.J.) (citing *Purnell v. Akron*, 925 F.2d 941, 949–50 (6th Cir. 1991)). Where the intervenor and an existing party have the same ultimate objective in the litigation, the representation of the proposed intervenor's interest by the existing

3

party is presumed to be adequate. *Meyer Goldberg, Inc. v. Goldberg*, 717 F.2d 290 (6th Cir. 1983). To overcome that presumption, the proposed intervenor bears the burden of demonstrating "substantial doubt about whether the intervenor's interests are being adequately represented by an existing party." *United States Envtl. Prot. Agency*, 313 F.R.D. at 69 (citations omitted).

For its part, Rule 24(b) provides that if a party does not meet the requirements to intervene as of right, the Court has discretion to allow permissive intervention under certain circumstances. *See Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07–cv–1190, 2010 WL 2670853, at *3 (S.D. Ohio June 29, 2010). More specifically, the Court may allow permissive intervention "[o]n timely motion" if the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

## III. DISCUSSION

Mr. Weaver's opening Motion and Memorandum in Support cite no case law in support of either intervention as of right or permissive intervention. (*See* Doc. 9). Instead, Mr. Weaver generally states that he "will not interfere with the adjudication of this matter" because his "focus[ ] is on the outcome of the litigation." (*Id*. at 5). Mr. Weaver admits that he has "no direct claim against Defendant [GEICO], other than to ensure any settlement proceeds or judgment is assigned, transferred and disbursed to him…." (Doc. 12 at 8, n. 2). At bottom, Mr. Weaver wishes to intervene as a judgment creditor solely to protect his interest in Plaintiff's potential recovery.

As a starting point, the Sixth Circuit in *Reliastar Life Insurance Co. v. MKP Investments*, 565 F. App'x 369, 373 (6th Cir. 2014), reiterated that a proposed intervenor "must have a direct and substantial interest in the litigation such that it is a real party in interest in the transaction

which is the subject of the proceeding." *Id.* at 372 (internal quotations and citation omitted). The Sixth Circuit explained that Courts of Appeal "have generally concluded that a party may not intervene . . . solely to protect judgment funds that the party wishes to recover itself." *Id.* (citing *Deutsche Bank Nat. Trust Co. v. F.D.I.C.*, 717 F.3d 189, 195 (D.C. Cir. 2013)). This is so because if "impaired ability to collect judgments arising from past claims sufficed to confer a right to intervention, then virtually any creditor of a defendant [could] intervene in a lawsuit where damages might be awarded." *Id.* (internal quotations and citation omitted); *see also id.* at 375 (finding that the district court did not abuse its discretion in denying permissive intervention because the requested leave to intervene was "based solely on" an interest in collecting insurance proceeds).

This Court likewise addressed a creditor's right to intervene in *Comtide Holdings, LLC v. Booth Creek Management Corp.*, No. 2:07–cv–1190, 2010 WL 2670853, at *3 (S.D. Ohio June 29, 2010) (J. Marbley). There, this Court explained that "the prototypical situation where a party wishes to intervene as a plaintiff" arises when the proposed intervenor "claims a direct interest in the claim being asserted by the existing plaintiff against the defendant, usually by virtue of a subrogation agreement or some other statutory or common law right of subrogation or indemnity." *Id.* (citing *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065 (5th Cir. 1970)). *Comtide Holdings*, however, presented a less common situation where the proposed intervenor wished to join in the action solely for "asserting theories under which he would become a creditor." *Id.* at *4. Consequently, the issue before the Court was whether that type of interest, which was "not an interest in the underlying claim being litigated," was sufficient to support intervention. *Id.*

In resolving this issue, the Court analyzed the decision in *Vaughan v. Dickinson*, 19 F.R.D. 323 (W.D. Mich. 1955), *aff'd* 237 F.2d 168 (6th Cir. 1956). In *Vaughan*, as here, "the

5

proposed intervenor was an actual creditor" who sought to intervene "simply in order to attempt to collect on his judgment." *Id*. Judge Marbley explained:

> in a decision adopted and affirmed by the Sixth Circuit Court of Appeals, [the Court in *Vaughn*] denied intervention. In language that is equally applicable here, the court considered it significant that the proposed intervenor "ha[d] no direct interest in the issues involved in the present action between the plaintiffs and the defendants" and that "[h]is rights under his judgment against [the plaintiff] will not in anywise be affected by and judgment or decision of the court as to the rights and liabilities of the parties to the present action." *Vaughan*, 19 F.R.D. at 328. Additionally, quoting *Pure Oil Co. v. Ross*, 170 F.2d 651, 653 (7th Cir. 1948), the court noted that "to authorize an intervention, the intervenor must have an interest in the subject matter of the litigation of such a nature that he will gain or lose by the direct legal operation of the judgment." *Id.* Because that interest was lacking, intervention was not permitted.

*Id*. (citing *Vaughan*, 19 F.R.D. at 328).

This Court further observed that other courts likewise have denied intervention to creditors, and the few cases that have permitted intervention "represent an exception to the general rule." *Id*. at *4–5 (citing *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004) (stating that the potential impairment of a creditor's ability to collect on a judgment "does not give rise to any right of intervention" and that "[t]o hold otherwise would create an open invitation for virtually any creditor of a defendant to intervene in a lawsuit where damages might be awarded"). Upon consideration of the relevant factors, the Court held that the proposed intervenor had not shown an entitlement to intervene under Rule 24(a) or that it would be a sound exercise of the Court's discretion to permit him to intervene under Rule 24(b) and thus denied intervention. *Id*. at *6.

In his Reply Brief, Mr. Weaver relies on *Intercontinental Electronics, S.p.A. v. Roosen*, Nos. 03-72424, 03-72584, 2006 WL 846763, at *2 (E.D. Mich. Mar. 30, 2006), asserting it allowed a "creditor of the plaintiff to intervene to assert an entitlement to any funds that plaintiff might receive, if the claims asserted against the defendant proved successful." (Doc. 12 at 5).

Mr. Weaver misstates the holding of that case; indeed, the Court did the opposite. The Court found that a substantial interest existed because the case before it was "directly connected" to the judgment against the plaintiff. *Id*. Nevertheless, as in *Reliastar*, the Court found that the proposed intervenor failed to overcome the presumption that its interests were adequately represented. *Id*. at *3. Thus, the Court *denied* intervention as of right. *Id*.

The *Roosen* Court likewise found permissive intervention unwarranted:

> [The proposed intervenor] did not specifically state the claim or defense it was asserting in order to compare such claim or defense to the main action. [The proposed intervenor] simply argue[d] that the dispositive issue in both a garnishment action and the main action involve[s] Defendant['s] liability to the Plaintiff for breach of contract. Without a specific claim or defense to compare to the main action, the Court cannot use its discretion to grant permissive intervention.

*Id.* at *4. Thus, the Court also *denied* permissive intervention. *Id.*

The Court takes all of the above into consideration in examining Mr. Weaver's right to intervene and concludes that neither intervention as of right nor permissive intervention is appropriate.

*Intervention as of Right*. Mr. Weaver admits that he has no direct and substantial legal interest in the issues before this Court, and he desires to intervene solely to prevent Plaintiff from "assign[ing], transfer[ring], disburs[ing] or otherwise divert[ing] any settlement proceeds or judgment to other entities in order to avoid paying the outstanding judgment." (Doc. 12 at 7). Mr. Weaver overlooks that his rights are already protected because the filing of a complaint for a creditor's bill automatically creates a lien on all the judgment debtor's equitable assets under Ohio law. *In re Thompson*, No. 06-1254, 2007 WL 7541012, at *3 (9th Cir. Mar. 30, 2007) (citing *In re Weiner*, 276 B.R. 810, 814 (Bankr. N.D. Ohio 2001) and *Gaib v. Gaib*, 14 Ohio App.3d 97, 99 (1983)). Hence, Mr. Weaver's interest has been protected since he filed the

Complaint/Creditor's Bill against Plaintiff in the Franklin County Court of Common Pleas. *See Brad A. Weaver v. Charles F. Harsh, et al.*, Case No. 17CV009125.

Even assuming Mr. Weaver has an interest here to protect (*i.e.*, to ensure recovery of settlement proceeds), Mr. Weaver and Plaintiff share the same ultimate objective in seeking monetary damages from Defendant. Thus, Plaintiff's representation of Mr. Weaver's interest is presumed to be adequate. *United States Envtl. Prot. Agency*, 313 F.R.D. at 69. Mr. Weaver labels Plaintiff an adversary, but does not allege collusion between Plaintiff and Defendant or any failure in the fulfillment of the representative duty. In sum, Plaintiff fails to overcome the presumption of adequate representation by demonstrating substantial doubt as to whether his interests are being represented adequately. Thus, he is not entitled to intervene as of right under Rule 24(a). *United States Envtl. Prot. Agency*, 313 F.R.D. at 71 (Sargus, C.J.) (denying motions to intervene).

As explained, intervention as of right in the Sixth Circuit requires all four elements to be satisfied; otherwise, intervention under Rule 24(a) is improper. Mr. Weaver fails to satisfy at least two of the elements—he lacks a direct and substantial legal interest in this case and his interest is adequately represented. Hence, the Court need not evaluate the remaining elements, and Mr. Weaver is not entitled to intervene as of right. *See Coal. to Defend Affirmative Action*, 501 F.3d at 779. For these reasons, it is **RECOMMENDED** that intervention as of right be **DENIED**.

*Permissive Intervention*. Mr. Weaver has identified no claim against Defendant or any interest other than his desire to collect on the judgment. In fact, Mr. Weaver expressly states that his only "interest is in the proceeds of any settlement or judgment," and he "will not interfere with the adjudication of this matter." (Doc. 89 at 5). Consequently, Mr. Weaver has not

8

identified a claim or defense relevant to the current litigation. *See* Fed. R. Civ. P. 24(b)(1)(B) (allowing intervention if party "has a claim or defense that shares with the main action a common question of law or fact"); *see also Roosen*, 2006 WL 846763, at *4 (applying standard).

Like the many creditors in the cases cited above, Plaintiff has failed to demonstrate that it would be a sound exercise of the Court's discretion to permit him to intervene based on these circumstances. *See Reliastar Life Ins.*, 565 F. App'x at 374–75 (declining to disturb the Court's denial of permissive intervention where the intervenors "failed to articulate a common question of law or fact inasmuch as they requested leave to intervene based solely on their interests in the proceeds of the insurance policies"); *Comtide Holdings*, 2010 WL 2670853, at *6 (holding that creditor failed to demonstrate that it would be a sound exercise of the Court's discretion to permit him to intervene under Rule 24(b)); *Roosen*, 2006 WL 846763, at *4 ("Without a specific claim or defense to compare to the main action, the Court cannot use its discretion to grant permissive intervention."). Based on the foregoing, it is likewise **RECOMMENDED** permissive intervention be **DENIED**.

## III. CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Mr. Weaver's Motion to Intervene be **DENIED**.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

9

to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

    IT IS SO ORDERED.

Date: March 1, 2018                                        /s/ Kimberly A. Jolson
                                                                              KIMBERLY A. JOLSON
                                                                              UNITED STATES MAGISTRATE JUDGE