IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHARLES F. HARSH,

    Plaintiff,

v.

GEICO GENERAL INSURANCE
COMPANY,

    Defendant.

Civil Action 2:17-cv-00814
Chief Judge Edmund A. Sargus Jr.
Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings (ECF No. 10), Plaintiff's Memorandum in Opposition (ECF No. 13), and Defendant's Reply in Support. (ECF No. 14.) Also, before the Court is the Objection by Judgment Creditor Brad A. Weaver (ECF No. 21) to the magistrate judge's Report and Recommendation. (ECF No. 19.) For the reasons that follow, Defendant's Motion for Judgment on the Pleadings is **GRANTED in part and DENIED in part**. Moreover, the Court **OVERRULES** the Objection (ECF No. 21) and **ADOPTS** the Report and Recommendation. (ECF No. 19.)

### I.    BACKGROUND

#### A. Factual Background

Plaintiff Charles Harsh ("Harsh") is the owner of numerous residential and commercial properties in Columbus, Ohio. (Compl. ¶ 6.) In 2012, Plaintiff hired Marc Kraft ("Kraft") to perform general maintenance work on his properties. (*Id.* ¶ 7.) Typically, Harsh drove Kraft to the property where Kraft worked for the day. (*Id.* ¶ 8.) On one occasion, Plaintiff loaned Kraft

his truck so that Kraft could drive to and from work. (*Id.* ¶ 10.) On that occasion, lending Kraft his car was without incident.

On November 8, 2012, Harsh loaned Kraft his pick-up truck to drive home and return to work the next morning on Plaintiff's property. (*Id.*) That evening, unbeknownst to Harsh, Kraft became severely intoxicated and rear-ended the vehicle of Brad Weaver ("Weaver"). (*Id.*) Weaver's partner, Heidi Hecker ("Hecker"), was killed in the accident, and Weaver and their 10-month old child, Peyton Weaver, were moderately injured. (*Id.*) Kraft made a statement to the Ohio State Highway Patrol immediately following the accident, wherein he stated that he had permission to drive Plaintiff's vehicle at the time of the accident. (*Id.* ¶ 29.) Kraft is currently serving an approximately 29-year sentence for vehicular homicide as a result of the accident. (*Id.* ¶ 15.)

Harsh's truck, driven on November 8, 2012, was insured under a policy Harsh entered into with Defendant GEICO Insurance ("GEICO"), policy no. 4124-04-60-71 ("the Policy"). (*Id.* ¶ 4) The Policy included bodily injury liability limits per person/per occurrence of $500,000.00. (*Id.*) An insured, as identified under the policy, includes the policyholder, the policyholder's relatives, and any other person who is using the insured auto with the policyholder's permission, as long as the use is within the scope of that permission. (ECF No. 3-1.)

The Weavers, along with Hecker's estate ("the Weaver plaintiffs"), brought suit (the "Underlying Lawsuit") against Harsh for negligence under the theories of negligent entrustment, negligent hiring, and negligent retention, and Kraft for negligence in Delaware County, Ohio. (*Id.* ¶ 11, 13.) GEICO retained attorney Roger Williams ("Attorney Williams") and William's firm, Williams, Moliterno & Scully, LPA to defend Harsh in the Underlying Lawsuit. GEICO

retained separate counsel to defend Kraft once the court determined that Kraft was a permissive user and therefore an insured under Harsh's policy. (*Id.*) Attorney Williams and his firm represented Harsh throughout the trial in the Underlying Lawsuit until Attorney Williams and his firm moved and were granted permission to withdraw as counsel for Plaintiff on November 23, 2016. (*Id.* ¶ 12.)

GEICO filed a separate action for declaratory judgment on or about April 5, 2013, challenging its obligation to Kraft. (Ans. ¶ 19, ECF No. 3.) GEICO did not obtain a statement from Kraft before filing this action. (Compl. ¶ 30.) GEICO further opposed the Weaver plaintiffs' Motion to Transfer and Consolidate. (*Id.* ¶ 31.) Weaver plaintiffs noticed the deposition of Harsh on October 14, 2013, in which Harsh testified that he had given Kraft permission to use his vehicle, which included "running errands." (*Id.* ¶ 35.)

GEICO and the Weaver plaintiffs moved for summary judgment, and on January 14, 2014, the trial court granted the Weaver plaintiffs' motion and denied GEICO's motion for. (*Id.* ¶ 42.) GEICO appealed and summary judgment for the Weaver plaintiffs was affirmed. (*Id.* ¶ 43.) On March 5, 2014, two years after the accident, GEICO finally offered its policy limits.

The Weaver plaintiffs rejected the offer and pursued trial against Harsh and Kraft. (Compl. ¶ 13.) At trial, Kraft, through GEICO's retained counsel, admitted negligence. (*Id.* ¶ 15.) Harsh's defense, provided by GEICO, called no witnesses and employed no experts to testify regarding Hecker's enhanced injuries, or the standard of care owed by a casual residential landlord in hiring and retention practices. (*Id.* ¶ 16.) Harsh's defense also failed to request a jury instruction concerning the apportionment of fault between joint tortfeasors. (*Id.* ¶¶ 16–17.) The jury returned a verdict for the Underlying Lawsuit in favor of the Weaver plaintiffs in the amount of $2,623,455.00. (*Id.* ¶ 18.) Pre and post judgment interest were also awarded by the

court. (*Id.*) After GEICO's policy limits of $500,000.00 were paid, Plaintiff remains liable for approximately $2,200,000.00 as well as interests and costs. (*Id.* ¶ 20.)

## B. Procedural Background

Harsh originally filed this suit in the Court of Common Pleas of Franklin County, Ohio against GEICO alleging breach of contract, bad faith, contractual breach of implied covenant of good faith and fair dealing, tortious breach of the implied covenant of good faith and fair dealing, and unfair trade practices. GEICO removed the case and now moves for judgment on all counts. Harsh opposes.

Furthermore, Weaver moved to intervene. The magistrate judge recommended denying his Motion and Weaver objects.

## II. STANDARD OF REVIEW

The Court reviews a Rule 12(c) motion for judgment on the pleadings in the same manner it would review a motion made under Federal Rule of Civil Procedure 12(b)(6). *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006). Rule 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief can be granted. Generally, an action will be dismissed under this standard where "there is no law to support the claims made." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, 967 F. Supp. 2d 1164, 1169 (S.D. Ohio 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). The same holds where "the facts alleged are insufficient to state a claim." *Id.* Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this standard, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (clarifying the plausibility standard articulated in

4

*Twombly*).

Several considerations inform whether a complaint meets the facial-plausibility standard. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Further, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint will not, however, "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Courts must construe the claim at issue in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).

### III. MOTION FOR JUDGMENT ON THE PLEADINGS

#### A. Bad Faith

Defendant moves for judgment on Plaintiff's bad faith claim as time-barred by the statute of limitations.

Under Ohio law, an insurer owes a duty of good faith to its insured with regard to the processive, payment, satisfaction, and settlement of the insured's claims. *Marsteller v. Sec. of Am. Life Ins. Co.*, 2002 U.S. Dist. LEXIS 17560, at *13 (N.D. Ohio Sep. 12, 2002) (citing *Friendly Farms v. Reliance Ins. Co.*, 79 F.3d 541, 545–46 (6th Cir. 1996)); *see also Zoppo v. Homestead Ins. Co.*, 71 Ohio St.3d 552, 554, 1994- Ohio 461, 644 N.E.2d 397 (1994) (finding that over the past forty years the Supreme Court of Ohio has consistently applied the "reasonable justification" standard to bad faith cases). "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon

5

circumstances that furnish reasonable justification therefor." *Zoppo*, 644 N.E.2d at 400 (internal quotations omitted). Furthermore, the duty of good faith "extends beyond those scenarios involving an outright denial of payment for a claim." *Drouard v. United Servs. Automobile Ass'n.*, 2007-Ohio-1049 ¶ 16 (6th Dist.).

The statute of limitations for a bad faith claim is governed by the Ohio Revised Code § 2305.09(D).[1] GEICO contends that "all aspects of Plaintiff's bad faith claim" arise outside of the four-year statute of limitations, which it asserts ran by August 9, 2013. GEICO thus argues that Harsh's bad faith claims are time-barred. (Mot. J. on Pleadings at 17.) This assertion, however, is based on a narrow reading of Plaintiff's Complaint. Harsh alleges numerous actions and inactions of the part of GEICO based on the parties on-going relationship, dating pre and post August 9, 2013. Indeed, as alleged, GEICO's first offer to settle the Weaver plaintiffs' claims against Harsh did not take place until March 5, 2014, approximately two years after the accident. Moreover, Harsh alleges that the tender was made on behalf of Kraft not Harsh. The duty of good faith extends to the processing of an insured's claims as well as to the settlement of such claims. *Marsteller*, 2002 U.S. Dist. LEXIS 17560, at *13.

GEICO further argues that even if not time-barred, "Plaintiff fails to present a legitimate basis for recovery," and asserts that it should not be found liable for any alleged legal malpractice. (Mot. J. on Pleadings at 18–19.) Based on the facts pled in the Complaint, the Court disagrees. Rather, reviewing the bad faith allegations in the light most favorable to Harsh

---

[1] GEICO and Harsh dispute when the statute of limitations began to run. GEICO contends that any allegation occurring on or before August 9, 2013 is time barred and that Harsh only alleges bad faith actions occurring prior to August 9, 2013. Harsh asserts that the delayed damages rule applies to his allegations and thus the acts he alleges are not time barred. At this juncture, this dispute is irrelevant as Harsh alleges bad faith actions performed by GEICO after August 9, 2013. Thus, as discussed herein, GEICO's motion for judgment on Harsh's bad faith claim is denied.

as the non-moving party, accepting all factual allegations as true, and making reasonable inferences in favor of Harsh, the Court finds that the Harsh has plausibly pled allegations that GEICO acted in bad faith within an actionable time period. *Winter Enters., LLC v. W. Bend Mut. Ins. Co.*, No. 1:17-cv-360, 2018 U.S. Dist. LEXIS 51323, at *14 (S.D. Ohio March 28, 2018) (denying defendant's motion to dismiss reasoning, "[a] a reasonable juror taking all the facts in Plaintiff's complaint as true could find that Defendant engaged in bad faith in its review of Plaintiff's insurance claim.").

Accordingly, Defendant's Motion is **DENIED** on Plaintiff's bad faith claims within the relevant time period.[2]

## B. Breach of Contract

GEICO also moves for judgment on Harsh's claim for breach of contract. To establish a claim for breach of contract, a plaintiff must establish (1) the existence of a contract, (2) performance by the plaintiff, (3) the defendant's breach of the contract, and (4) damage or loss to the plaintiff as a result of the breach. *V & M Star Steel v. Centimark Corp.*, 678 F.3d 459, 465 (6th Cir. 2012). Under Ohio law, "an insurance policy is a contract, and the parties' rights under the policy are purely contractual in nature." *Park-Ohio Indus., Inc. v. Home Indemnity Co.*, 975 F.2d 1215, 1218 (6th Cir. 1992).

---

[2] Harsh also brings claims for breach of the implied covenant of good faith and fair dealing. Such claims, however, are subsumed in his claim that GEICO acted in bad faith. Therefore, such claims do not exist separately. *William Powell Co. v. Nat'l Indem. Co.*, 141 F. Supp. 3d 773, 782 (S.D. Ohio 2015) (quoting *Eastham v. Nationwide Mut. Ins. Co.*, 66 Ohio App.3d 843, 847, 586 N.E.2d 1131, 1133 (1st Dist. 1990)) ("liability for bad faith must be strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of the underlying contractual relationship."); *O'Neill v. Kemper Ins. Cos.*, Case No. 2:04-cv-1135, 2006 U.S. Dist. LEXIS 69891, at *18 n.6 (S.D. Ohio Sept. 27, 2006) ("A claim for bad faith under Ohio law is essentially a claim that an insurer breached the duty to act in good faith in its dealings with the insured.")

GEICO asserts that Harsh fails "to set forth any allegation concerning the breach of an actual contract term in the policy," and that his "vague allegations concerning a generalized breach of the policy are insufficient to survive a motion for judgment on the pleadings." (ECF No. 10, Page ID 114.) Moreover, GEICO contends that it satisfied its contractual obligations by retaining and hiring an attorney to represent Harsh.

In response, Harsh points to multiple litigation issues in his argument that GEICO breached its contractual obligations to him. Harsh's allegations for breach of contract, however, sound in bad faith, not in breach of contract. In his pleadings, Harsh does not point to any specific contractual provision he believes GEICO breached. As GEICO contends, Harsh does not assert any allegation specific to the contract. Rather, the behavior Harsh takes issue with speaks to GEICO's alleged bad faith in performing its contractual obligations as discussed. Such factual allegations, taken as true, plausibly reflect compliance with the contract, but conducted in a manner that falls short of GEICO's responsibilities. *See Ashcroft*, 556 U.S. at 678 ("the Court cannot draw a reasonable inference that Defendant is liable for breach of contract when Plaintiff fails to state what contractual provision Defendant supposedly breached.").

Accordingly, GEICO's Motion for Judgment on Harsh's breach of contract claim is **GRANTED**.

### C. Unfair Trade Practices

Finally, GEICO moves for judgment on the pleadings as to Harsh's unfair trade practices claim, arguing that there is no private cause of action for unfair trade practices available. (Mot. J. on the Pleadings at 27.)

Ohio Revised Code §§ 3901.20 and 3901.21, and the Ohio Administrative Code §§ 3901-01-07 and 3901-01-54 govern unfair insurance practices and unfair claims handling practices.

8

These two sections of the Ohio Revised Code are "part of the overall regulatory charge from General Assembly to the Superintendent of Insurance. They do not create a private right of action." *Fletcher v. Nationwide Mutual Ins. Co.*, 2003-Ohio-3038, ¶ 19 (2nd Dist.); *see also McLynas v. Karr*, 2004-Ohio-3597 ¶ 29 (10th Dist.) ("... R.C. 3901.20, prohibiting unfair trade practices in the insurance industry, does not create a private cause of action; rather, it is regulatory in nature.").

Thus, Ohio law does not provide "a private cause of action to insureds against insurance companies or their claim administrators for committing unfair insurance practices." *William Powell Co.*, 141 F. Supp. 3d at 782 (citing *Strack v. Westfield Co.*, 33 Ohio App. 3d 336, 338, 515 N.E.2d 1005 (9th Dist. 1986) (determining that finding an implied right of a private cause of action for unfair insurance practices would be inconsistent with the existing administrative enforcement scheme in place.) Rather, "the Ohio legislature has chosen to have Ohio insurance regulatory law enforced solely by the Superintendent of Insurance," therefore, there is no private cause of action. *Everson v. Blue Cross and Blue Shield of Ohio*, 898 F. Supp. 532, 544 (N.D. Ohio 1994); *see also Strack*, 33 Ohio App. at 338–39 ("The Department of Insurance was established in order to determine what insurance practices were unfair or deceptive and how to best control them. The combination of administrative remedies and civil penalties reflects the legislative solution to a problem perceived by it.").

Harsh brings his claim for unfair trade practices against GEICO in a private action. As there is no right to a private action in this instance, Harsh fails to make a claim upon which this Court may grant relief.

Accordingly, judgment for Defendant for the claim of unfair trade practices is **GRANTED**.

## IV.  REPORT AND RECOMMENDATION

Brad A. Weaver ("Weaver") moves to intervene pursuant to Federal Rules of Civil Procedure 24(a) and (b) on behalf of the Weaver plaintiffs as judgment creditors. (Mot. to Intervene, ECF No. 9.) In the March 1, 2018, Report and Recommendation the magistrate judge recommended denying intervention. (ECF No. 19.) Thereafter, Weaver timely objected. (ECF No. 21.) For the following reasons, the Court **ADOPTS** the Report and Recommendation and **OVERRULES** the Objection.

Federal Rule of Civil Procedure 26(a) provides for intervention as of right if the proposed intervenor:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). While Federal Rule of Civil Procedure 26(b) provides that if a party does not meet the requirements to intervene as of right, the Court has discretion to allow permissive intervention under certain circumstances. *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, Case No. 2:07-cv-1190, 2010 U.S. Dist. LEXIS 81511, at *14–16 (S.D. Ohio June 29, 2010).

Weaver seeks to intervene in the instant action in order to protect his ". . . interest in any proceeds from settlement, judgment or otherwise, to which the judgment debtor may be entitled." (Mot. to Intervene at 4.) Weaver currently has a pending state court Complaint/Creditor's Bill from the outstanding judgment against Harsh. He is unable to remove his Creditor's Bill to federal court and therefore seeks to file one in the instant action, contending that "[t]he Complaint / Creditor's Bill is focused on the outcome of the litigation, since Judgment Creditor's

interests is in the proceeds of any settlement or judgment. Thus, the Creditor's Bill will not interfere with the adjudication of this matter." (*Id.* at 5.)

The magistrate judge correctly determined that as a Judgment Creditor, Weaver is not entitled to intervene either permissively or as of right. First, Weaver lacks a direct and substantial legal interest in this case as he is interested solely in collecting his interest in Harsh's potential recovery and otherwise has "no direct claim against [GEICO]." (ECF No. 12 at 9, n.2.); *Reliastar Life Ins. Co. v. MKP Invs.*, 565 F. App'x 369, 372 (6th Cir. 2014) ("... an applicant is not due intervention as a matter of right where the applicant seeks only to protect the assets of a party to the litigation in order to ensure that its own contingent claims to those assets remain valuable in the future.") (citing *United States v. Tennessee*, 260 F.3d 587, 595 (6th Cir. 2001) (rejecting as insufficient the proposed intervenor's "economic interest in assuring adequate funding for implementation of the settlement agreements and its contractual rights in agreements")).

Second, the interest he does have is adequately represented. *Reliastar Life Ins.*, Co., 565 F. App'x at 374 ("An applicant for intervention as of right 'fails to meet his burden of demonstrating inadequate representation' if he cannot show 'collusion . . . between the representatives and an opposing party,' pursuit by the representative of an interest adverse to the interests of the proposed intervenor, or a representative's failure 'in the fulfillment of his duty.'"). Weaver does not overcome his burden to show that what interest he does have is inadequately represented. Contrary to his claims, under the circumstances of this action, Harsh and Weaver share the same interest in Harsh collecting payment from GEICO. *Id.* That, ultimately, Weaver seeks to have his bill of payment collected upon does not affect this action.

11

Moreover, Weaver fails to demonstrate that it would be sound exercise of the Court's discretion to permit him to intervene based on Federal Rule of Civil Procedure 24(b). *Id.* at 374–75 (affirming the trial court's denial of permissive intervention where the proposed intervenors "failed to articulate a common question of law or fact inasmuch as they requested leave to intervene based solely on their interests in the proceeds of the insurance policies").

Weaver levies five objections to the March 1, 2018 Report and Recommendation. His first two objections assert that the magistrate judge should have construed his right to intervene more liberally, his third objection asserts that as a judgment creditor he has a direct legal interest in the pending action, his fourth objection asserts that as a judgment creditor he has an adverse interest to Harsh, and finally he asserts that he should be allowed to permissively intervene. Weaver puts forth no new facts or argument in his objections. Thus, the March 31, 2018, Report and Recommendation already addresses his concerns. Because this Court agrees with the Report and Recommendation, Weaver's Objections are **OVERRULED** and the March 1, 2018, Report and Recommendation is **ADOPTED**. (ECF No. 19.)

## V. CONCLUSION

For the foregoing reasons, GEICO's Motion for Judgment on the Pleadings is **GRANTED in part and DENIED in part** (ECF No. 10) and the Report and Recommendation is **ADOPTED**. (ECF No. 19.)

**IT IS SO ORDERED.**

9-21-2018
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**